UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                           Case No.: 6:13-bk-15555-KSJ
                                                                                          Chapter 7
**DEMITRI NIKITIN** and
**SVETLANA M. NIKITINA**,

    Debtors.
_____/

**JOINT MOTION BY FIFTH THIRD AND SUNTRUST
FOR EXTENSION OF TIME TO FILE NON-DISCHARGEABILITY COMPLAINT
AND COMPLAINT TO DENY DISCHARGE**

Creditors, FIFTH THIRD BANK, an Ohio Banking Association ("Fifth Third"), and SUNTRUST EQUIPMENT FINANCE AND LEASING CORP. ("SunTrust"), hereby file their Joint Motion for Extension of Time to File Non-Dischargeability Complaint and Complaint to Deny Entry of a Discharge against DEMITRI NIKITIN and SVETLANA M. NIKITINA (the "Debtors") and states as follows:

**Background**

1.    Fifth Third is a creditor of the Debtors by virtue of a Final Judgment in favor of Fifth Third Bank (the "Judgment"), in the amount $2,598,756.94, entered, on June 4, 2013, in a foreclosure proceeding initiated by Fifth Third against the Debtors in the Circuit Court in the Eighteenth Judicial Circuit, in and for Seminole County, Florida, captioned *Fifth Third Bank v. Svetlana Nikitina, et al* and a case number of 2013-CA-001924 ("Litigation Case"). A true and correct copy of the Judgment is attached Exhibit "A".

2.    The Judgment arose as a result of the Debtors' breach of various loan documents executed by and between Fifth Third and the Debtors pre-petition.

1

3.  SunTrust is also a creditor of the Debtor by virtue of the Debtors' pre-petition breach of various guaranties of defaulted loans between SunTrust and companies related to the Debtors.

### The Bankruptcy

4.  On December 31, 2013, the Debtors filed their voluntary petition under Chapter 7 thereby staying the Litigation Case. At that time, the Debtors did not file their Schedules or Statement of Financial Affairs.

5.  On January 2, 2014, the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines was issued scheduling the 341 Meeting of Creditors for February 5, 2014 and scheduling the deadline to file an adversary proceeding objecting to discharge of the Debtors or to challenge dischargeability of certain debts as April 7, 2014.

6.  On January 13, 2014, the Debtors filed a Motion requesting an extension of time to file their Schedules and Statement of Financial Affairs.

7.  The following day, an Order was entered without a hearing providing the Debtors an extension of time to file their sworn Schedules and Statement of Financial Affairs.

8.  On the last possible date, the Debtors filed their sworn Schedules and Statement of Financial Affairs, which identifies Fifth Third and SunTrust as creditors.

9.  Without sufficient time to analyze the Schedules and Statement of Financial Affairs prior to the initial scheduled 11 U.S.C. §341 Meeting of Creditors, the Chapter 7 Trustee had no choice but to continue the 341 Meeting of Creditors for 30 days.

### Allegations Related to Requested Relief

10. On March 5, 2014, the initial 341 Meeting was finally conducted and was abruptly concluded. The Chapter 7 Trustee tried to accommodate the lenders and purposely put the examination at the end of her calendar. However, due to the strict courthouse hours of

operation and the availability of the U.S. Marshall's service, there was insufficient time for the lenders to fully examine the Debtors relative to the extent of their asset holdings. The Chapter 7 Trustee allowed Fifth Third to go first with its examination. Due to the time constraints, although Fifth Third yielded its time for SunTrust and the Chapter 7 Trustee to examine the Debtor, the Chapter 7 Trustee was unable to examine the Debtor for an unlimited period of time, SunTrust was only able to ask a couple questions and Fifth Third did not finish.

11. Fifth Third is in possession of documents ostensibly prepared by or at the behest of the Debtors which disclose foreign assets not identified in the Debtors' Schedules.

12. SunTrust is in possession of documents ostensibly prepared by or at the behest of the Debtors which indicate the existence of far greater assets than is shown on the Debtors' Schedules.

13. These areas of inquiry can only be fully explored through a 2004 examination. Undersigned counsel is presently coordinating a 2004 examination of the Debtors with SunTrust, the Chapter 7 Trustee and the deponents. Based on scheduling, it appears that the 2004 examination may not occur until after the deadline to object to the entry of the Debtors' discharge or to challenge dischargeability of a debt.

14. Without the extension of time to file such complaints, Fifth Third and SunTrust will be prejudiced. Neither Fifth Third nor SunTrust has caused a delay in this case, but rather is a victim of the delay caused by the late filing of the Debtors' Schedules, the continued meeting of creditors and the court house hours of operation. Fifth Third and SunTrust request a short 60 day period to further investigate and determine whether a basis exists to file a non-dischargeability lawsuit against the Debtors or to seek denial of their discharge.

15. Undersigned counsel contacted counsel for the Debtors to determine whether the Debtors would consent to the extension. As of the date of filing this Motion, counsel for the Debtors has neither consented nor objected to the relief requested herein.

16. This is the first request for such relief. No party with be prejudiced by such a request.

17. Fifth Third and SunTrust made their request and reserve the right to renew such depending on the outcome.

**WHEREFORE,** for the foregoing reasons, Fifth Third and SunTrust respectfully request that the Court enter an order granting this Motion for Extension of Time and granting an additional sixty (60) days for it to file a non-dischargeability complaint and a complaint seeking to deny the bankruptcy discharge against the Debtors from the date of such Order, and granting such other relief as is just and proper.

/s/ Maureen A. Vitucci
ROY SCOTT KOBERT
Florida Bar No. 777153
MAUREEN A. VITUCCI
Florida Bar No. 0605530
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
Attorneys for Fifth Third Bank

/s/ Michael A. Nardella
Eric S. Golden, Esquire
Florida Bar No. 0146846
Michael A. Nardella, Esquire
Florida Bar No. 51265
Burr & Forman, LLP
200 South Orange Avenue, Suite 800
Orlando, Florida 32801
Phone: (407) 540-6600
Fax: (407) 540-6601
Attorneys for SunTrust Equipment Finance and Leasing Corp.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic notice to **ERIC A. LANIGAN**, Lanigan & Lanigan, PL, 831 W. Morse Blvd., Winter Park, Florida 32789, **LORI PATTON, Trustee**, Post Office Box 520547, Longwood, Florida 32752, **L. TODD BUDGEN,** Budgen Law Group, Post Office Box 520546, Longwood, Florida 32752-0546, **UNITED STATES TRUSTEE** - ORL7/13, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801  and by first class U.S. mail to **DEMITRI NIKITIN** and **SVETLANA M. NIKITINA**, 3217 Yattika Place, Longwood, Florida 32779 on this 26th day of March, 2014.

/s/ Maureen A. Vitucci
MAUREEN A. VITUCCI

\7\323 - # 5885001 v1