UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

**DEMITRI NIKITIN**  Case No.: 6:13-bk-15555-KSJ
**SVETLANA NIKITINA**  Chapter 7

    Debtors.
_____/

**FIFTH THIRD BANK'S MOTION
FOR CONTEMPT FOR VIOLATION OF THE ORDER
GRANTING MOTION FOR RULE 2004 EXAMINATION DUCES TECUM**

Creditor, FIFTH THIRD BANK ("Fifth Third"), files this Motion for an order finding Demitri Nikitin and Svetlana Nikitina (the "Debtors") in contempt of this Court for their intentional and willful violation of the Order [Doc. No. 31] (the "Examination Order") granting the Motion by Fifth Third for Rule 2004 Examination (Duces Tecum) (the "Motion") by the Debtors intentionally failing to produce documents as required by the Examination Order and by intentionally failing to appear at an examination which was coordinated mutually by Fifth Third and the Debtors. In support thereof, Fifth Third respectfully states as follows:

**Allegations**

1.    On March 14, 2014, counsel for Fifth Third contacted counsel for the Debtors to coordinate a mutually convenient time for an examination of the Debtors. The dates suggested to counsel for the Debtors included April 29, 2014 and April 30, 2014.

2.    On March 17, 2014, counsel for the Debtors agreed to an examination of the Debtors to occur on April 30, 2014.

3.    On March 20, 2014, counsel for Fifth Third learned that the Chapter 7 Trustee assigned to this case wanted her counsel to be present for the examination and that her counsel was not available on April 30, 2014. Counsel for the Trustee was available on April 29, 2014.

4.     Counsel for Fifth Third contacted counsel for the Debtors several times regarding the rescheduling of the examination to April 29, 2014.

5.     On March 31, 2014, without having received a response from counsel for the Debtors regarding the Debtors' availability for an examination on April 29, 2014, Fifth Third filed a Motion for Rule 2004 Examination Duces Tecum and specifically suggested April 29, 2014 as the examination date. Fifth Third also specifically requested the shorting of document production time for its duces tecum request to afford counsel's receipt of the documents responsive to the duces tecum request seven days in advance of the scheduled examination.

6.     On April 4, 2014, counsel for the Debtors confirmed the availability of the Debtors to attend an examination on April 29, 2014.

7.     On April 7, 2014, the Court enter the Order, which provided for an examination of the Debtors to occur on April 29, 2014, and further required the Debtors to produce the documents sought by the duces tecum request seven days prior to the examination.

8.     On April 7, 2014, counsel for Fifth Third duly noticed the examination duces tecum of the Debtors for April 29, 2014.

9.     The deadline for the Debtors to produce the documents responsive to the duces tecum request was April 18, 2014.

10.    On April 24, 2014, counsel for Fifth Third contacted counsel for the Debtors requesting the status of the responsive documents in light of the upcoming April 29, 2014 examination. Counsel for Fifth Third received no response from counsel for the Debtors.

11.    The day before the April 29, 2014 examination, counsel for the Debtors contacted counsel for Fifth Third and informed counsel for the first time that Mrs. Nikitina underwent spinal surgery at some unknown date, out of the country, in some undisclosed location, and

presently was undergoing physical therapy also out of the country in some undisclosed location, and that she had not yet returned to the country as of April 28, 2014. Further, counsel for Fifth Third learned that due to his wife's surgery, Mr. Demitri Nikitin was unable to gather any of the documents responsive to the duces tecum request.

12. Counsel for Fifth Third requested some form of proof of the surgery and rehabilitation, but to date has not received anything from counsel to the Debtors. Nor has counsel received any of the documents responsive to the duces tecum request.

13. As a result of the poorly explained intended absence of Mrs. Nikitina and the lack of any documents, counsel for Fifth Third was forced to cancel the mutually coordinated April 29, 2014 examination.

14. The Debtors had nearly two months advance notice of the examination request. Spinal surgery is not coordinated overnight, but rather significantly in advance of any surgical date. The Debtors must have had notice of the conflict well in advance of the April 29th examination, but intentionally chose to wait until the last moment to advise counsel for Fifth Third in an effort to delay and frustrate Fifth Third's collection efforts.

WHEREFORE, the Fifth Third respectfully requests that the Court enter an order: (i) finding the Debtors in contempt of court for intentionally and willfully violating the Order Granting Fifth Third's Motion for Rule 2004 Examination; (ii) requiring the Debtors to appear for an examination within ten (10) days of any hearing on this Motion; (iii) requiring the Debtors to produce the documents responsive to the duces tecum request within five (5) days of any hearing on this Motion; and (iii) to grant such other relief as this Court deems just and proper.

        /s/ Maureen A. Vitucci
MAUREEN A. VITUCCI
Florida Bar No. 0605530
maureen.vitucci@gray-robinson.com
ROY S. KOBERT, ESQ.
Florida Bar No.: 777153
roy.kobert@gray-robinson.com
Gray Robinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
*Attorneys for Fifth Third Bank*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been furnished by U.S. Mail and/or electronically by CM/ECF this 27th day of May, 2014, to **DEMITRI NIKITIN** and **SVETLANA NIKITINA**, 3217 Yattika Place, Longwood, FL 32779; **ERIC A. LANIGAN, ESQ.**, Lanigan & Lanigan, P.L., 831 W. Morse Blvd., Winter Park, FL 32789 (*Attorney for Debtors*); **ERIC GOLDEN, ESQ.**, and **MICHAEL NARDELLO**, ESQ., Burr and Forman, LLP, 200 S. Orange Ave., Ste. 800, Orlando, FL 32801 (*Attorneys for SunTrust*); L. **TODD BUDGEN, ESQ**., Budgen Law Group, P.O. Box 520546, Longwood, FL 32752 (*Attorney for Chapter 7 Trustee*); and **LORI PATTON**, Chapter 7 Trustee, P.O. Box 520546, Longwood, FL 32752, and all other parties receiving CM/ECF service on this 27th day of May, 2014.

        /s/ Maureen A. Vitucci
        MAUREEN A VITUCCI